**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                                                                                                No. CR 10-1924 JB

HOMAR LEDEZMA-LEDEZMA,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

      **THIS MATTER** comes before the Court on the Letter from Defendant Homar Ledezma to the Court (dated October 15, 2010), filed October 20, 2010 (Doc. 18)("Letter").  The Court held a hearing on November 30, 2010.  The primary issue is whether the Court should appoint new counsel for Defendant Homar Ledezma-Ledezma.  The Court finds that Ledezma-Ledezma's counsel, Leon Encinias, has investigated the conviction and appeal about which Ledezma-Ledezma expressed concern, and that Mr. Encinias' proposed course of action of filing a motion for a Form 13 Pre-Sentence Report may further clear up some of Ledezma-Ledezma's concerns and help determine how Ledezma-Ledezma's sentence will be calculated.  Because Ledezma-Ledezma states that he asked Mr. Encinias to investigate an appeal and a conviction that appears on his criminal history as grounds for his request for new counsel, and because Mr. Encinias investigated Ledezma-Ledezma's concerns and has proposed a course of action, the Court finds that there has not been a complete breakdown of communication between Ledezma-Ledezma and Mr. Encinias, and that there is not an irreconcilable conflict between the two.  The Court will therefore deny Ledezma-Ledezma's request that it appoint new counsel without prejudice to Ledezma-Ledezma renewing the motion if,

at a later time, he feels that he needs a new attorney.

## PROCEDURAL BACKGROUND

On June 24, 2010, a grand jury returned an indictment, charging Ledezma-Ledezma with re-entry of a removed alien under 8 U.S.C. § 1326(a) and (b). See Indictment, filed June 24, 2010 (Doc. 9). In October 2010, Ledezma-Ledezma sent a letter to the Court, requesting the Court to appoint new counsel for him. See Doc. 18. As grounds, Ledezma-Ledezma states that he requested Mr. Encinias to investigate a conviction that appears on his criminal history and an appeal that he made regarding a felony in El Paso, Texas. See Letter at 1. Ledezma-Ledezma also relates why he returned to the United States. See Letter at 1. At the hearing, the Court spoke to both Mr. Encinias and Ledezma-Ledezma about Ledezma-Ledezma's request for new counsel. Mr. Encinias indicated that he investigated Ledezma-Ledezma's conviction and appeal, and that he plans to file a motion for a Form 13 Pre-Sentence Report, which could clear up some of the issues regarding what sentence Ledezma-Ledezma faces.

## RELEVANT LAW REGARDING APPOINTMENT OF NEW COUNSEL

To warrant substitution of counsel, a defendant must show good cause, such as "a conflict of interest, a complete breakdown of communication, or an irreconcilable conflict which leads to an apparently unjust verdict." United States v. Beers, 189 F.3d 1297, 1302 (10th Cir. 1999). "Good cause for substitution of counsel consists of more than a mere strategic disagreement between a defendant and his attorney; rather, there must be a total breakdown in communications." United States v. Stewart, 378 F. App'x 773, 777 (10th Cir. 2010). To prove a total breakdown in communication, a defendant must point to evidence of a severe and pervasive conflict with his attorney or evidence of minimal contact with his attorney -- such that meaningful communication is not possible. See United States v. Stewart, 378 F. App'x at 777. The United States Court of

Appeals for the Tenth Circuit has stated that, in assessing whether to grant a motion to substitute counsel, a court should consider: (i) whether the defendant's request was timely; (ii) whether the trial court adequately inquired into defendant's reasons for making the request; (iii) whether the defendant-attorney conflict was so great that it led to a total lack of communications precluding an adequate defense; and (iv) whether the defendant substantially and unreasonably contributed to the communication breakdown.  See United States v. Porter, 405 F.3d 1136, 1140 (10th Cir. 2005). Courts balance these factors when determining whether to grant substitution of counsel.  See United States v. Lott, 433 F.3d 718, 725 (10th Cir. 2006)(weighing the four factors, and determining that, although the first factor weighs in favor of granting the defendant's motion for substitute counsel, the remaining three factors weigh against granting his motion).

## ANALYSIS

The Court will deny Ledezma-Ledezma's request that it appoint new counsel without prejudice to him renewing the motion, because the Court finds that Ledezma-Ledezma has not shown that there is an irreconcilable conflict between himself and Mr. Encinias, or that there is a total lack of communication, precluding his adequate defense.  To warrant substitution of counsel, a defendant must show good cause, such as "a conflict of interest, a complete breakdown of communication, or an irreconcilable conflict which leads to an apparently unjust verdict." United States v. Beers, 189 F.3d at 1302.

The Court finds that Ledezma-Ledezma's request is timely, because he made his request within several months of the indictment, and because his request was made about four months before his current trial setting, which is set for February 2011.  At the hearing, the Court questioned both Ledezma-Ledezma and Mr. Encinias about Ledezma-Ledezma's request for new counsel.  Through the Court's inquiries at the hearing, and the Court's careful consideration of Ledezma-Ledezma's

letter, the Court has adequately inquired into Ledezma-Ledezma's reasons for making a request for new counsel.

In his letter, Ledezma-Ledezma asserted that he asked Mr. Encinias to look into a conviction listed in his criminal history and an appeal that he made. At the hearing, Mr. Encinias informed the Court that he has investigated and received documentation regarding the conviction and appeal about which Ledezma-Ledezma expressed concern. Mr. Encinias indicated that he believed that the proper way to proceed in this matter would be to file a motion for a Form 13 Pre-Sentence Report, which may help to make clear what kind of sentence Ledezma-Ledezma is facing. At the hearing, Ledezma-Ledezma did not raise any additional concerns regarding Mr. Encinias' representation of him. At this time, it appears that Mr. Encinias has been working diligently on Ledezma-Ledezma's case. He has investigated the appeal and conviction about which Ledezma-Ledezma expressed concern. The Court also believes that Mr. Encinias' proposed course of action of filing a motion for a Form 13 PreSentence Report might clear up some of Ledezma-Ledezma's concerns and may enable Ledezma-Ledezma to determine what kind of sentence he is facing. The Court therefore finds that, at this time, Ledezma-Ledezma has not shown that there is an irreconcilable conflict between himself and Mr. Encinias, or that there has been a total breakdown of communication, precluding his adequate defense. Because the Court has determined that there is no irreconcilable conflict between Ledezma-Ledezma and Mr. Encinias, and there is not a total breakdown of communication, it is not necessary for the Court to consider whether Ledezma-Ledezma substantially and unreasonably contributed to the communication breakdown. The Court will deny Ledezma-Ledezma's request that it appoint new counsel, because Ledezma-Ledezma has not shown good cause; instead, it appears that Ledezma-Ledezma has been able to communicate his concerns to Mr. Encinias, and Mr. Encinias has acted on those concerns. The Court will deny Ledezma-

Ledezma's request without prejudice to him renewing the motion if, at a later time, he believes that he needs a new attorney.

**IT IS ORDERED** that the request in the letter from Defendant Homar Ledezma to the Court (dated October 15, 2010), filed October 20, 2010 (Doc. 18), that the Court appoint new counsel for Defendant Homar Ledezma-Ledezma is denied without prejudice to Ledezma-Ledezma renewing the motion at a later time.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Kenneth J. Gonzales
  United States Attorney
Lynn Wei-Yu Wang
  Assistant United States Attorney
Albuquerque, New Mexico

*Attorneys for the Plaintiff*

Leon Encinias
Albuquerque, New Mexico

*Attorney for the Defendant*