# UNITED STATES DISTRICT COURT
**District of New Mexico**

| | |
|---|---|
| UNITED STATES OF AMERICA<br>V.<br>**Homar Ledezma-Ledezma** | **Judgment in a Criminal Case**<br><br>(For Offenses Committed On or After November 1, 1987)<br>Case Number: **2:10CR01924-001JB**<br>USM Number: **55913-051**<br>Defense Attorney: **Leon Encinias, Appointed** |

THE DEFENDANT:

☒ pleaded guilty to count(s) **Indictment**
☐ pleaded nolo contendere to count(s)  which was accepted by the court.
☐ after a plea of not guilty was found guilty on count(s)

The defendant is adjudicated guilty of these offenses:

| *Title and Section* | *Nature of Offense* | *Offense Ended* | *Count Number(s)* |
|---|---|---|---|
| 8 U.S.C. Sec. 1326(a)/(b) | Re-entry of a Removed Alien | 04/13/2010 | |

The defendant is sentenced as provided in pages 2 through **7** of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count .
☐ Count   dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

**July 8, 2011**
Date of Imposition of Judgment

**/s/ James O. Browning**
Signature of Judge

**Honorable James O. Browning**
**United States District Judge**
Name and Title of Judge

**November 1, 2011**
Date Signed

Defendant: **Homar Ledezma-Ledezma**
Case Number: **2:10CR01924-001JB**

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **27 months**.

**The Court recommends that Immigration and Customs Enforcement begin removal proceedings during service of sentence. The Court incorporates by reference its Memorandum Opinion and Order, filed September 2, 2011 (Doc. 46)("MOO"). Defendant Homar Ledezma-Ledezma, pursuant to a Plea Agreement, filed March 11, 2011 (Doc. 33), pled guilty to the Indictment, filed June 24, 2010 (Doc. 8), charging him with a violation of 8 U.S.C. § 1326(a) and (b), that being re-entry of a removed alien. The Plea Agreement is a nonstandard fast-track plea agreement. See Plea Agreement ¶ 6, at 2-3. The parties agreed to a 2-level base offense level reduction pursuant to U.S.S.G. § 3E1.1(a) for acceptance of responsibility and, to the extent applicable, a 1-level base offense level reduction pursuant to U.S.S.G. § 3E1.1(b). See Plea Agreement ¶ 6, at 2. The parties agreed, pursuant to the United States Attorney`s Office fast-track plea agreement program and U.S.S.G. § 5K3.1, to a 1-level base offense level reduction; in exchange, Ledezma-Ledezma agreed to waive his appellate rights. The parties reserved the right to "assert any position or argument with respect to the sentence to be imposed" other than with respect to the stipulations contained in the Plea Agreement. Plea Agreement ¶ 8, at 3-4.**

**On April 8, 2011, the United States Probation Office ("USPO") disclosed the Presentence Investigation Report ("PSR"). The PSR calculated Ledezma-Ledezma`s adjusted offense level as 24, and his total offense level as 21 after a 3-level reduction for acceptance of responsibility. See ¶¶ 16, 18, at 5. Based on the Plea Agreement, the PSR further reduced the total offense level to 20. See PSR ¶ 19, at 5. The PSR calculated Ledezma-Ledezma`s criminal history category as II based on 3 criminal history points. The PSR calculated that an offense level of 20 and a criminal history category II establishes a guideline sentencing range of 37 to 46 months. See PSR ¶ 46, at 12. On May 10, 2011, the USPO re-disclosed the PSR, after having made several factual changes to the PSR. There being no disputes about the factual findings in the PSR, the Court adopts them as its own.**

**Ledezma-Ledezma moves the Court for a sentence of 27 months. On September 2, 2011, the Court issued its MOO addressing Ledezma-Ledezma`s request for a downward departure and a variance. The Court denied the request for a downward departure under U.S.S.G. § 5H1.6, because the circumstances of this case do not fall outside the heartland of cases. See MOO at 1. The Court granted Ledezma-Ledezma`s request for a variance. See MOO at 1. At the sentencing hearing, Plaintiff United States of America said that it did not oppose a sentence at the bottom of the guideline range, which the United States noted would be 30 to 37 months under the fast-track program. Before any downward departure, the offense level is 21 and the criminal history category is II, establishing a guideline imprisonment range of 41 to 51 months. Pursuant to rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure and U.S.S.G. § 5K3.1 of the sentencing guidelines, the Court accepts the plea agreement, which stipulates to an offense level of 20. The Court is satisfied that the agreed-on offense level departs for justifiable reasons. The plea agreement is pursuant to a nonstandard fast-track plea agreement. In section 401(m)(2)(B) of the PROTECT Act of 2003, Pub. L. No. 109-21, § 401(m)(2)(B), 117 Stat. 650, 675, Congress approved early disposition or fast-track programs if certain conditions are met. The Court believes that these conditions are met in this case, and this departure is in the lower part of the range of departures that Congress allowed. The Court`s sentence will be consistent with the Plea Agreement. The Court adopts the sentencing calculations in the PSR as its own. An offense level of 20 combined with a criminal history category II establishes a guideline imprisonment range of 37 to 46 months.**

**The Court notes that Ledezma-Ledezma illegally re-entered the United States after formally being deported. The Court has carefully considered the parties` arguments and the circumstances of this case. The Court has considered the guideline range for the applicable category of offense committed by the applicable category of defendant. The Court believes that the punishment that the guidelines set forth is not appropriate for Ledezma-Ledezma`s offense. The Court agrees with Ledezma-Ledezma that, given his circumstances, a sentence of 27 months is sufficient to reflect the seriousness of this offense. Ledezma-Ledezma has a son and a daughter, as well as two adult step-sons. He states that he returned to the United States because he suspects one of his step-sons, Luis Armando Favela, is continuing to abuse his biological children. There appears to be some corroboration in that there are court records which indicate Ledezma-Ledezma`s daughter told him between June and July 2004 that Favela sexually and physically abused her. Ledezma-Ledezma`s son also indicated that Favela was physically abusing him during that time frame. There is thus some evidence of physical and sexual abuse, and the Court believes that these reports provided very strong motivation for Ledezma-Ledezma to come back into the United States. Ledezma-Ledezma came back into the United States not only because his children are here, but because of the possibility that his children faced sexual and physical abuse; this situation provided him with an extraordinary emotional incentive to come and support his children. That Ledezma-Ledezma remained out of the United**

States for four years before coming back despite his children being here also suggests that it was the reports of this abuse that motivated him to return. There also seems to be some corroboration to the reports of sexual and physical abuse, because, after the allegations occurred, the maternal grandmother reportedly cared for the children. It appears that Ledezma-Ledezma`s motivation for returning to the United States was more than the mere presence of his children in the United States.

The Court has been reluctant to grant variances when the defendant`s family may be in the United States, because so many defendants have family in the United States. The Court usually looks for something more than just the presence of family in the United States to justify a variance. Here, the allegations of abuse add a different dimension to Ledezma-Ledezma`s circumstances. The Court has considered the guidelines, but, in arriving at its sentence, has taken into account not only the guidelines but other sentencing goals. The Court believes that a sentence of 27 months is adequate to reflect Ledezma-Ledezma`s criminal history and the seriousness of Ledezma-Ledezma`s crime. The Court is concerned that Ledezma-Ledezma committed a serious crime -- importation of a controlled substance: marijuana, greater than 50 kilograms (felony) -- in the United States. Ledezma-Ledezma was punished with a fairly severe sentence -- 24-months imprisonment -- and knew that he should not come back to the United States yet still returned. The Court thus believes that imposing a sentence below the sentence he received for the importation crime would be too much of a variance. The Court believes that a variance that is approximately equivalent to a 3-level departure -- to an offense level of approximately 17 -- is appropriate in this case. An offense level of 17 and a criminal history category of II provides a sentencing guideline range of 27 to 33 months. The Court has carefully considered Ledezma-Ledezma`s arguments about the problems with the guidelines. The Court does not have any fundamental disagreement with the guidelines, and that is the reason the Court believes its sentence should try to express the intent of the guidelines. As the Court has previously recognized, the guideline commission may have made some decisions without some of the empirical evidence on which the other areas of the guidelines were based, but the Court does not have a fundamental disagreement with the guidelines, and "it seems that the approach is not irrational, and expresses the strong political will of Congress and the notion that criminals should not be returning to the United States after being deported." United States v. Almendares-Soto, CR 10-1922, Memorandum Opinion and Order at 23, filed December 14, 2010 (Doc. 29). This sentence adequately reflects the seriousness of the offense, promotes respect for the law, provides just punishment, affords adequate deterrence, protects the public, and otherwise fully reflects each of the factors embodied in 18 U.S.C. § 3553(a). While the Court`s task, as a district court, is not to arrive at a reasonable sentence -- it is to come up with one that reflects the factors in 18 U.S.C. § 3553(a), see United States v. Conlan, 500 F.3d 1167, 1169 (10th Cir. 2007)("[A] district court`s job is not to impose a reasonable sentence. Rather, a district court`s mandate is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a)(2)." (citation omitted)) -- the Court believes this sentence is reasonable. And perhaps most important in this calculation, the Court believes that this sentence is sufficient, but not greater than necessary to comply with the purposes of punishment Congress set forth in the Sentencing Reform Act of 1984, Pub. L. No. 98-473, 98 Stat. 1987 (codified as amended in scattered sections of 18 U.S.C.). The Court sentences Ledezma-Ledezma to 27-months imprisonment.

☐ The court makes the following recommendations to the Bureau of Prisons:


☒ The defendant is remanded to the custody of the United States Marshal.
☐ The defendant shall surrender to the United States Marshal for this district:
　　☐ at  on
　　☐ as notified by the United States Marshal.
☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
　　☐ before 2 p.m. on
　　☐ as notified by the United States Marshal
　　☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:




Defendant delivered on _____ to
_____ at _____ with a Certified copy of this judgment.

UNITED STATES MARSHAL

By

DEPUTY UNITED STATES MARSHAL

Defendant: **Homar Ledezma-Ledezma**
Case Number: **2:10CR01924-001JB**

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **3 years unsupervised**.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.
The defendant shall not commit another federal, state, or local crime.
The defendant shall not unlawfully possess a controlled substance.
The defendant shall refrain from any unlawful use of a controlled substance.
The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- ☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable).
- ☒ The defendant shall cooperate in the collection of DNA as directed by statute. (Check, if applicable).
- ☐ The defendant shall register with the state, local, tribal and/or other appropriate sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Criminal Monetary Penalties sheet of this judgment.
The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

Defendant: **Homar Ledezma-Ledezma**
Case Number: **2:10CR01924-001JB**

## SPECIAL CONDITIONS OF SUPERVISION

**The defendant must not reenter the United States without legal authorization.**

Defendant: **Homar Ledezma-Ledezma**
Case Number: **2:10CR01924-001JB**

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties in accordance with the schedule of payments.

☒ The Court hereby remits the defendant's Special Penalty Assessment; the fee is waived and no payment is required.

| Totals: | Assessment | Fine | Restitution |
|---|---|---|---|
|  | $waived | $0.00 | $0.00 |

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

A   ☐   In full immediately; or

B   ☐   $ immediately, balance due (see special instructions regarding payment of criminal monetary penalties).

**Special instructions regarding the payment of criminal monetary penalties: Criminal monetary penalties are to be made payable by cashier's check, bank or postal money order to the U.S. District Court Clerk, 333 Lomas Blvd. NW, Albuquerque, New Mexico 87102 unless otherwise noted by the court. Payments must include defendant's name, current address, case number and type of payment.**

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made as directed by the court, the probation officer, or the United States attorney.